CITY AND SUBURBAN MORTGAGE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45658. Promulgated May 25, 1932.

*Henry Ravenel, Esq.,* for the petitioner.
*W. R. Lansford, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioner contends that the capital investment in its corporate organization became a loss in 1927, when it was determined to liquidate. It argues that the corporation was organized to buy and sell second mortgages and that in 1927 it ceased to do business and put forth every effort to liquidate; that thereafter it merely held the property until liquidation could be effected. The respondent contends that no part of the amount was a loss in the taxable year, since petitioner has not dissolved and has not abandoned its corporate franchise. He also contends that the commissions paid for the sale of capital stock, in the amount of $2,985.66, could not be a loss in any event, inasmuch as such expenditures were not properly capitalized, but were in the nature of discount on the stock sold.

We have repeatedly held that organization expenses are capital expenditures. *Logan-Gregg Hardware Co.*, 2 B. T. A. 647; *Holeproof Hosiery Co.*, 11 B. T. A. 547; *Grain King Manufacturing Co.*, 14 B. T. A. 793, and others. We have also held that such capital expenditures may not be recovered by deductions for exhaustion over the life of the corporation. *Hershey Mfg. Co.*, 14 B. T. A. 867. In *Malta Temple Association*, 16 B. T. A. 409, we held that organization expenses theretofore capitalized constitute a deductible loss upon dissolution of the corporation and abandonment of the corporate franchise. The facts of the instant case, however, do not come within the rule of the *Malta Temple Association* case. Here the petitioner is still using the corporate structure acquired in return for its organization expenditures. The franchise is still in use, the corporation owns property and is active in its management. We think the petitioner sustained no loss in 1927 as a result of its determination to liquidate.

Our conclusion above makes it unnecessary for us to discuss the respondent's contention that commissions paid for the sale of stock were in the nature of discount on the stock sold and were therefore improperly capitalized.

*Decision will be entered for the respondent.*